FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 18, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARLOS A. VELASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON; WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | No. 2:20-CV-00137-SAB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is Defendant's Motion for Summary Judgment, ECF No. 13. The motion was considered without oral argument. Plaintiff is represented by Richard Wall and Defendant is represented by Nicholas Ulrich.

    Defendant requests that the Court grant summary judgment on both of Plaintiff's claims and dismiss the case. In response, Plaintiff concedes that summary judgment is appropriate for his claim under 42 U.S.C. § 1983. However, Plaintiff argues that there are genuine disputes of material fact which preclude summary judgment on his negligence claim. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion and remands the case to state court.

//

//

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 1**

## Background

The following facts are taken from Defendant's motion, Plaintiff's response, and the parties' respective statements of material fact, but are construed in Plaintiff's favor. ECF Nos. 13, 14, 22, 23.

On February 27, 2017, Plaintiff Carlos Velasquez was an inmate at the Airway Heights Corrections, a state prison run by Defendant Washington State Department of Corrections. At the time, Plaintiff's cellmate was Kent Whiting ("Mr. Whiting"). Both Plaintiff and Mr. Whiting were in the N-Unit of Airway Heights.

Every afternoon, Airway Heights performs a mandatory lockdown and "count" of the inmates. During the count, corrections officers pull some inmates out of their cells to do random urinalysis ("UA") tests for prohibited substances. If an inmate refuses to comply, they are automatically infracted. On February 27, 2017, Plaintiff and Mr. Whiting were pulled out of their cell during the count for UA testing after corrections officers found a broken light bulb in their cell, raising suspicions of drug use. Both Plaintiff and Mr. Whiting refused to comply with UA testing and thus were infracted before they returned to their cell.

Each unit in Airway Heights has a Unit Booth, which controls and oversees the cells in the unit. In the N-Unit, each cell has a button above the toilet below the intercom. If the inmate presses the button while the unit is not in lockdown, the button will open the cell door. However, if the inmate presses the button while the unit is in lockdown, the button will sound an alarm in the Unit Booth. On February 27, when Plaintiff and Mr. Whiting were returned to their cell after being infracted, Mr. Whiting began threatening Plaintiff. Specifically, Mr. Whiting stated that he was going to break Plaintiff's face, beat him up, and knock him out if he told corrections officers that the lightbulb belonged to Mr. Whiting. At the time of the threat, the N-Unit was still on lockdown for the count. But when Plaintiff tried to

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 2**

press the button in the cell to sound the alarm in the Unit Booth and thereby call officers for help, no one came.

After the lockdown ended, Plaintiff left the cell and went to the correction officers' office. Plaintiff told the officer that he was being threatened by Mr. Whiting and that he was afraid to return to his cell. The officer told Plaintiff to go back to his cell. When Plaintiff repeated his fears, the officer put his hand on his pepper spray canister and asked if Plaintiff was refusing to return. Plaintiff then returned to his cell.

Shortly after Plaintiff returned, Mr. Whiting attacked Plaintiff by repeatedly punching him in the face. Plaintiff was taken to the prison medical unit for treatment, but was then transferred to the local emergency room where he received eight to ten stitches for a cut under his left eye. Additionally, as a result of the assault, Plaintiff suffered multiple fractures to his left cheek bone and nerve damage on the left side of his face.

Plaintiff originally filed his complaint in Spokane County Superior Court on March 12, 2020. ECF No. 1-3. In his complaint, Plaintiff asserted two claims: (1) negligence under state law; and (2) violation of the Eighth Amendment under 42 U.S.C. § 1983. *Id.* at 3. On April 1, 2020, Defendant removed the case to federal court on the basis of federal question jurisdiction. ECF No. 1 at 2. The Court set a jury trial date of June 7, 2021. ECF No. 6.

Defendant filed the present motion on February 26, 2021. ECF No. 13. On May 5, 2021, due to the pending dispositive motion and the impending trial date, the Court struck the trial date until after the motion was decided. ECF No. 31.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 3**

verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "An issue of material fact is genuine 'if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.'" *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quoting *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex Corp.*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

### Discussion

Defendant argues that the Court should grant summary judgment in its favor and dismiss both of Plaintiff's claims. With respect to Plaintiff's Eighth Amendment claim, Defendant argues that Plaintiff fails to state a claim because a state agency such as the Washington Department of Corrections does not constitute a "person" within the meaning of 42 U.S.C. § 1983. ECF No. 13 at 10. As for Plaintiff's negligence claim, Defendant argues that Plaintiff cannot establish

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 4**

Defendant's breach of duty because there is no genuine dispute of material fact that Mr. Whiting "simply snapped" in assaulting Plaintiff, and therefore Defendant had no notice of the impending injury. *Id.* at 5-8.

In response, Plaintiff states that he does not object to the Court granting summary judgment on his § 1983 claim. ECF No. 23 at 3-4. However, Plaintiff argues that there are genuine disputes of material fact regarding his negligence claim, including whether Defendant had notice of the likelihood of injury. *Id.* at 6-7.

The Court grants Defendant's motion as to Plaintiff's § 1983 claim. Here, Plaintiff has sued the Washington Department of Corrections, an arm of the State, which is prohibited by *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

However, the Court denies Defendant's motion as to Plaintiff's negligence claim due to genuine disputes of material fact. Here, Plaintiff argues that he attempted to call for help while he was being threatened with assault; found help but was then ordered back to his cell after attempting to report the assault; and finally, returned to his cell and was assaulted. Defendant, on the other hand, argues that Plaintiff's assault was a heat-of-the-moment incident and that its officers had no advance warning that it was going to happen. This factual dispute is sufficient to preclude summary judgment.

Finally, because the Court is dismissing Plaintiff's federal law claim and the parties are not diverse, the Court no longer has subject matter jurisdiction over the action. 28 U.S.C. §§ 1331-32. Thus, the Court remands the case to state court.

//
//
//
//

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 5**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 13, is **GRANTED in part** and **DENIED in part**.

2. Plaintiff's negligence claim is **REMANDED** to the Spokane County Superior Court.

3. The District Court Clerk is directed to enter this Order and forward this file with a copy of this Order to the Clerk of the Spokane County Superior Court.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 18th day of May 2021.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 6**